UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARSHALL ALLEN COATS,<br><br>Plaintiff,<br><br>v.<br><br>NICK HOKE, *et al*.<br><br>Defendants. | Case No. C26-5867-DGE-MLP<br><br>REPORT AND RECOMMENDATION |

Plaintiff Marshall Coats is in the custody of the Washington State Department of Corrections and is currently confined at the Airway Heights Corrections Center ("AHCC") in Airway Heights, Washington. On July 31, 2026, Plaintiff submitted to the Court for filing a prisoner civil rights complaint under 42 U.S.C. § 1983 in which he alleged violations of his constitutional rights arising out of the conduct of two City of Poulsbo police officers, Nick Hoke and Dick Romaine, the Poulsbo Police Department, and Madeleine Williamson, an individual whom Plaintiff identified as an "out of work actress/out of work dishwasher." (*See* dkt. ## 1, 6.)

Specifically, Plaintiff alleged that Officers Hoke and Romaine subjected him and others to unlawful surveillance while acting as Student Resource Officers at North Kitsap High School between 1999 and 2003. (Dkt. # 6 at 4-5, 7.) Plaintiff further alleged, with respect to Officer

Hoke, that during an encounter in Plaintiff's father's driveway in September 2022, Office Hoke threw him to the ground while he was in handcuffs causing him to break his foot. (*Id*. at 5.) Plaintiff further alleged, as to Officer Romaine, that he was picked up and transported to Poulsbo Police Headquarters in March 2003, and once there, Officer Romaine attempted to interview him but denied his request for counsel. (*Id.* at 7.) According to Plaintiff, he refused to answer questions and Officer Romaine advised him he could not leave until he did so. (*Id*.) Plaintiff asserted that this constituted unlawful imprisonment and kidnapping. (*Id.*)

As to the third Defendant, Ms. Williamson, Plaintiff alleged that in 2014 she began stalking and investigating him without probable cause, and that in 2015 she began date raping him after adding GHB to his beverages. (Dkt. # 6 at 6.) Plaintiff further alleged that in July 2021 Ms. Williamson date raped him and others at a house in Kingston, Washington. (*Id*.) Plaintiff asserted that Ms. Williamson would sneak into the house in the middle of the night, go through their things, and sexually assault them after placing them under the influence of "GHS horse tranquilizer." (*Id.*) He further asserted that Ms. Williamson, while in the house, would change the locks on the bathrooms and alter the door trim so she could "peek-in" and film them while they were using the bathroom and shower. (*Id.*)

On August 14, 2026, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed as time barred. (Dkt. # 7.) The Court explained therein that claims brought in federal court under 42 U.S.C. § 1983 are subject to the forum state's statute of limitations governing personal injury actions, which in Washington State is three years. (*Id*. at 3 (citing *Wilson v. Garcia*, 471 U.S. 261 (1985); RCW 4.16.080(2)).) The Court further explained that though state law provides the applicable limitations period, federal law determines when the cause of action accrues, and that under federal law a claim accrues when the plaintiff knows, or

should have known, of the injury which is the basis of the cause of action. (*Id*. (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1998)).)

The Court observed that Plaintiff had alleged violations of his rights beginning in 1999 and continuing, intermittently, through 2022, and that, as Plaintiff would have known of the injuries he claims to have suffered on the dates the unlawful conduct occurred, his causes of action arising out of such conduct would have accrued on those dates. (Dkt. # 7 at 3.) The Court further observed that Plaintiff signed his complaint in this action on July 26, 2026, well over three years after any of his claims accrued, and that the claims therefore appeared to be barred by the statute of limitations. (*Id*.)

On August 17, 2026, three days after the Court issued its Order to Show Cause, Plaintiff submitted another complaint, which was posted on the docket as a proposed amended complaint. (Dkt. # 8.) The amended complaint is comprised of the entirety of Plaintiff's original complaint plus attachments related to a purported "criminal suit" Plaintiff wishes to have initiated against Ms. Williamson. (*See id.*) On August 31, 2026, Plaintiff submitted an assortment of documents to the Court including: (1) a missive expressing concerns about community safety arising out of questionable law enforcement practices Plaintiff attributes to the Poulsbo Police Department and the Kitsap County Sheriff's Office, and out of unlawful sexual activity engaged in by Ms. Williamson in both Kingston and in the parking lot at AHCC (dkt. # 9); (2) a response to the Order to Show Cause (dkt. # 11); and (3) a series of letters directed to the undersigned, again expressing concerns regarding Ms. Williamson's conduct and suggesting she should be "civilly committed" (dkt. # 13).

With respect to Plaintiff's proposed amended complaint, the Court observes that it adds nothing of relevance to the record before the Court. As noted above, the proposed amended

complaint is comprised of Plaintiff's original pleading and documents seeking to initiate a criminal action against Ms. Williamson. However, initiating a criminal action is a prosecutorial function and is beyond the purview of both Plaintiff and this Court. As Plaintiff may not obtain the relief he seeks by way of these proposed amendments to his original pleading, the Court declines to entertain his amended pleading.

In his response to the Order to Show Cause, Plaintiff largely reiterates his complaints against Officer Hoke, with focus on events that occurred between 1999 and 2003, though he also makes a brief reference to his encounter with Officer Hoke in September 2022. (*See* dkt. # 11.) Plaintiff also briefly references in his response alleged misconduct by Officer Romaine, the Poulsbo Police Department, and Ms. Williamson, but so far as the Court can discern these references are to conduct that occurred during the same time frame as that alleged in Plaintiff's complaint, *i.e.*, between 1999 and 2022. (*See id.*) As the events Plaintiff references in his complaint and in his response to the Order to Show Cause all occurred more than three years before he filed his complaint in this action, his claims arising out of those events are barred by the statute of limitations.

In the other two submissions referenced above, those expressing concerns about community safety and Ms. Williamson's conduct, Plaintiff asserts that Ms. Williamson's alleged unlawful activities continue to this day. (*See* dkt. ## 9, 13.) Such assertions, if true, may bring some of Ms. Williamson's conduct within the applicable statute of limitations, but this does not render Plaintiff's claims against Ms. Williamson viable.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See*

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Acting "under color of state law" requires that a defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff's materials make clear that Ms. Williamson is not a state actor but is merely an acquaintance of Plaintiff's whom he describes as an "out of work actress/out of work dishwasher." (Dkt. # 6 at 3.) Moreover, Plaintiff alleges no facts which would permit the Court to reasonably conclude that Ms. Williamson was "acting under color of state law" at times relevant to Plaintiff's claims, or that Plaintiff's claims against Ms. Williamson implicate federal constitutional concerns.

For the foregoing reasons, this Court recommends that Plaintiff's complaint (dkt. # 6) and this action be dismissed, with prejudice, as time barred. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 20, 2026**.

//

//

//

DATED this 29th day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge